O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA FRITZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 5:16-cv-02627-KES<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Dana Fritz ("Plaintiff") appeals the final decision of the Administrative Law Judge ("ALJ") denying her application for Disability Insurance Benefits (DIB) and Supplemental Social Security Income ("SSI"). For the reasons discussed below, the ALJ's decision is AFFIRMED.

**I.**

**BACKGROUND**

Plaintiff applied for DIB and SSI on March 5, 2013, alleging the onset of disability on March 25, 2012 due to anxiety, mental disabilities, and right elbow problems. Administrative Record ("AR") 267-79 and 294. An ALJ conducted a hearing on June 1, 2015, at which Plaintiff, who was represented by an attorney,

1

appeared and testified. AR 38-54. The ALJ published an unfavorable decision on June 29, 2015. AR 19-32. At step five of the sequential evaluation process, the ALJ found that Plaintiff could perform any of the following four jobs as defined in the Dictionary of Occupational Titles ("DOT"):

   1.   Linen room attendant, DOT 222.387-030, is a medium, unskilled (SVP 2[1]) occupation [GED: R3[2]] …;

   2.   Hand packager, DOT 920.587-018, is a medium, unskilled (SVP 2) occupation [GED: R2] …;

   3.   Small products assembler, DOT 706.684-022, is a light, unskilled (SVP 2) occupation [GED: R2] …; and

   4.   Hand packager, inspector, DOT 559.687-074, is a light, unskilled (SVP 2) occupation [GED: R2] ….

AR 31.

Plaintiff filed the instant action seeking review of the ALJ's decision. 42 U.S.C. §§ 405(g), 1383(c).

## II.

## ISSUES PRESENTED

The sole issue presented is whether the ALJ erred at step five of the sequential evaluation process by relying on testimony from a vocational expert ("VE") in

---

[1] The DOT lists a specific vocational preparation ("SVP") time for each described occupation. Using the skill level definitions in 20 CFR §§ 404.1568 and 416.968, unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT. A job's SVP level does not address whether a job entails only simple, repetitive tasks. Carney v. Astrue, 2010 WL 5060488, at *4 (C.D. Cal. Dec. 6, 2010).

[2] A job's level of simplicity is addressed by its DOT General Educational Development ("GED") reasoning development rating. District courts have held that a limitation to simple, repetitive tasks is consistent with GED reasoning development Level 2. Phothikham v. Astrue, 2011 WL 1362079, at *4 (C.D. Cal. Apr. 11, 2011) (collecting cases).

response to an incomplete hypothetical. (Dkt. 18, Joint Stipulation ["JS"] at 4.) According to Plaintiff, while the ALJ asked the VE multiple questions about work that would be available for a hypothetical person with various limitations, none of the questions exactly matched Plaintiff's residual functional capacity ("RFC"). Plaintiff argues, therefore, that the VE's testimony does not support finding that Plaintiff can perform the four jobs identified by the ALJ at step five.

### III.
### THE SEQUENTIAL EVALUATION PROCESS

The ALJ follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 CFR §§ 404.1520(a)(4), 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n. 5 (9th Cir. 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. 20 CFR §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of not disabled is made and the claim must be denied. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 CFR, Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC")

to perform his past work; if so, the claimant is not disabled and the claim must be denied. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant has the burden of proving he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id.

If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because he can perform other substantial gainful work available in the national economy. 20 CFR §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That determination comprises the fifth and final step in the sequential analysis. Id. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n. 5; Drouin, 966 F.2d at 1257.

## IV.
## DISCUSSION

### A. Applicable Law.

To find a claimant "not disabled" at step five, the ALJ must make a finding, supported by substantial evidence, that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account his residual functional capacity, age, education, and work experience. Tackett v. Apfel, 180 F.3d 1094, 1098, 1100 (9th Cir. 1999) (citing 20 CFR § 404.1560(b)(3)). When a claimant has both exertional and non-exertional limitations, the ALJ must take the testimony of a VE to support any step five finding. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

Hypothetical questions posed to the VE must set out "all the limitations and restrictions of the claimant." Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If the hypothetical is incomplete, then the VE's response may not support a step five finding of "not disabled." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).

"A decision of the ALJ will not be reversed for errors that are harmless." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Generally, an error is harmless if it either "occurred during a procedure or step the ALJ was not required to perform," or

if it "was inconsequential to the ultimate non-disability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). While the burden to show prejudice is on the party claiming error by the Commissioner, "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error." McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011).

**B.     Plaintiff's RFC and the VE's Testimony.**

The ALJ set forth Plaintiff's RFC in his written decision. For ease of reference, the Court has numbered the clauses within the RFC stating Plaintiff's various capacities and limitations, as follows:

> **[1]** [C]laimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c)[3] except the claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently. **[2]** She can stand and/or walk for six hours out of an eight-hour workday with regular breaks. **[3]** She can sit for six hours out of an eight-hour workday with regular breaks. **[4]** She is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying. **[5]** She can perform all fine motor activities bilaterally. **[6]** She is limited to simple and repetitive tasks in **[7]** a nonpublic setting with occasional non-intense interaction with coworkers and supervisors. **[8]** She cannot perform fast-paced work. **[9]** She might be off task no more than 10 percent of the time. **[10]** She may have moderate

---

[3] "(c) *Medium work*. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 CFR § 404.1567(c).

5

| | |
|---|---|
| 1 | level of difficulty (more than a slight limitation but she is able to |
| 2 | able to function satisfactorily) in the ability to carry out complex |
| 3 | instructions and the ability to make judgments on complex work |
| 4 | related decisions.[4] **[7]** She is precluded from contact with the |
| 5 | public.[5] |

AR 24. Clause **[5]** describes abilities, not limitations, so the ALJ did not need to include them in any hypotheticals posed to the VE.

At the hearing, the ALJ asked the VE the following questions:

Q. All right. Assuming a 53-year-old individual with a 10th grade education, that's only done that work [home attendant], that individual can perform **[6, 10]** simple repetitive tasks **[7]** in a non-public setting, with occasional non-intense interaction with coworkers and as well, supervisors. **[8]** Cannot do fast paced work. **[9]** Might be off task no more than 10% of the time. Would that person be able to do the past relevant work?

A. No, Your Honor.

Q. Would there be jobs for that individual?

A. There would be. Would you like me to give you a --

Q. Yes.

A. -- medium and a light?[6]

---

[4] Since clause **[6]** already limited Plaintiff to simple, repetitive tasks, which by definition do not require carrying out complex instructions or making complex decisions, the limitations in clause **[10]** do not further restrict the kinds of jobs Plaintiff could perform.

[5] The ALJ's restriction that Plaintiff be precluded from contact with the public is identical to his earlier restriction that she work in a nonpublic setting.

[6] "(b) *Light work*. Light work involves lifting no more than 20 pounds at a time

| | | |
|---|---|---|
| 1 | Q. | You can give me one of -- one or two of each. |
| 2 | A. | Okay. |
| 3 | Q. | That would be better. |
| 4 | A. | Okay. A medium example would be linen room attendant, |
| 5 | | 222.387-030, medium, unskilled, 2, 18,000 nationally. |
| 6 | Q. | All right. Next. |
| 7 | A. | Also hand packager. |
| 8 | Q. | All right. |
| 9 | A. | Again, medium, unskilled, 2, 920.587-018, 48,000 |
| 10 | | nationally. |
| 11 | Q. | Got any light? |
| 12 | A. | Sure. Small products assembler I, light, unskilled, 2, |
| 13 | | 706.684- 022. |
| 14 | Q. | That's SVP 2 or 1? |
| 15 | A. | 2. |
| 16 | Q. | SVP 2. Okay. |
| 17 | A. | 56,000 nationally. |
| 18 | Q. | All right. |
| 19 | A. | And then another light would be hand packager inspector. |
| 20 | | It's light, unskilled, SVP of 2, 559.687-074, 62,000 |
| 21 | | nationally. |

---

with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 CFR § 404.1567(b).

AR 49-50.

In this exchange, the VE identified two "medium" jobs and two "light" jobs that someone with limitations consistent with clauses **[6]**-**[10]** in Plaintiff's RFC could perform. The hypothetical also encompassed clause **[1]**, because the lifting restrictions in Plaintiff's RFC are the same as the definition of "medium" work and less limited than the definition of "light" work. The VE's testimony, however, did not account for clauses **[2]**, **[3]**, or **[4]** which limit the amount of time Plaintiff can spend standing, walking, and sitting each workday, and the amount of weight Plaintiff can push or pull.

The ALJ proceeded to ask the VE another hypothetical question, as follows:

Q. Okay. I want you to consider the same background individual as I previously have given you. That person can do **[1]** medium-- medium range of work with **[2, 3]** sit and stand at six hours, walking at six hours, **[4]** push and pull within those weight limits. **[5]** Can perform all fine motor activities bilaterally, arms and legs, upper and lower extremities. Person may have some moderate levels of difficulty. Moderate is defined per HA form 1152-U3 as there's more than a slight limitation in this area, but the individual is still able to functional satisfactorily, and that's how you're to utilize that in the vocational field. Can you do that?

A. Yes.

Q. All right. **[10]** The moderate limitations are in the ability to carry arms -- carry out any complex instructions, and the ability to make judgments on complex work-related decisions. And I'm going to say **[part of 7]** no contact with the public. Could that person do either-- any of the four jobs

|   |   |
|---|---|
| 1 | that you gave me? |
| 2 | A. Your Honor, I would give you still the same four jobs. |
| 3 | AR 50-51. |

This second question added clauses **[2]**, **[3]**, and **[4]**, but it did not repeat clauses **[6]**-**[9]**. In answering the first question, however, the VE had already testified that all four jobs **[6]** involve simple repetitive tasks, **[7]** require only occasional, non-intense interaction with coworkers and supervisors, **[8]** are not fast-paced, and **[9]** permit being off task up to 10% of the time.

## C. <u>Analysis.</u>

Per Plaintiff, the VE's testimony does not support the ALJ's step five finding, because "in the second hypothetical, the ALJ did not ask the vocational expert to assume the moderate limitations in carrying out complex instructions and the ability to make judgments on complex work-related decisions and non-public work *in combination* with the limitations set forth in the first hypothetical." JS at 9. In other words, if a hypothetical person who cannot use her right hand could do Job A, and a second hypothetical person who cannot use her left hand could do Job A, a third hypothetical person who can use neither her right nor left hand might not be able to do Job A.

Per Defendant, the VE's testimony addressed each limitation in Plaintiff's RFC and therefore supports a finding that Plaintiff could do any of the four representative jobs identified by the VE. JS at 12. If there was any error in failing to include all of Plaintiff's limitations in one hypothetical, then the error was harmless. JS at 13.

Plaintiff has failed to demonstrate prejudicial error. The VE testified that all four of the alternative jobs satisfy RFC clause **[6]**, i.e., they involve simple repetitive tasks. Three of the four have a reasoning level of 2 per the DOT, which courts have equated with simple, repetitive tasks. Considering the less restrictive RFC clause **[10]** (i.e., Plaintiff can carry out complex instructions with moderate difficulty) in

9

combination with clause **[6]** would have no tendency to change the conclusion that Plaintiff can perform jobs rated at reasoning level 2.

With regard to clauses **[7] – [9]**, these place limits on *how* the representative jobs can be performed; they are not limitations that could become even more limiting when considered in combination (like the inability to use one's right *and* right hand, given as an example above). The VE testified that a hypothetical person restricted from fast-paced work, limited to occasional, non-intense interaction with coworkers and supervisors, and off task up to 10% of the time could perform the alternative jobs. AR 49-50. There is no reason to think that her opinion would have changed depending on how long the hypothetical person could sit, stand, or walk, or how much weight the hypothetical person could push/pull, i.e., RFC clauses **[2] – [4]**, which were considered only in the second hypothetical. The activities of pushing, pulling, sitting, standing, and walking have no logical impact on the restrictions described in RFC clauses **[7] – [9]**. Plaintiff's briefing identifies none.

For these reasons, the VE's testimony was substantial evidence supporting the ALJ's finding at step five that Plaintiff could perform work that exists in significant numbers in the national economy.

## V.
## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

DATED: August 22, 2017

_____
KAREN E. SCOTT
United States Magistrate Judge